ORIGINAL 9998-3609829

DAVID T. KRUECK, ISB No. 6246
GREENER BURKE SHOEMAKER OBERRECHT P.A.
950 W. Bannock Street, Suite 950
Boise, ID 83702
Telephone: (208) 319-2600
Facsimile: (208) 319-2601
Email: dkrueck@greenerlaw.com

Attorneys for Plaintiff

**FILED**
OCT 28 2016
U.S. COURT OF
FEDERAL CLAIMS

## UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYGNOS, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. **16-1428C**<br><br>**COMPLAINT UNDER CONTRACT DISPUTES ACT** |

COMES NOW the Plaintiff, Sygnos, Inc., by and through its counsel of record, David T. Krueck of the firm GREENER BURKE SHOEMAKER OBERRECHT P.A., and for its complaint against Defendant United States of America does state and allege as follows:

### JURISDICTION AND PARTIES

1. Jurisdiction is conferred on this Court by the Federal Courts Improvement Act of 1982. The claim is based on an express written contract with the United States of America. Trial *de novo* and relief is sought pursuant to the Contract Disputes Act, 41 USCA § 7104(b)(1).

2. Plaintiff Sygnos, Inc. ("Sygnos") is, and was at all times mentioned herein, a corporation duly organized under the laws of the state of Arizona with its principal place of business located at 3996 Mahalia Avenue, Unit D, San Diego, California 92122-6138. Sygnos is a Service-Disabled Veteran-Owned Small Business.

COMPLAINT UNDER CONTRACT DISPUTES ACT - 1

## GENERAL ALLEGATIONS

3. Sygnos incorporates by reference paragraphs 1 and 2 above as though fully set forth herein.

4. On September 27, 2012, Contract W912PL-12-D-0052 ("Contract") entitled "Distant Patient Lodging Services Building" was awarded to Sygnos by the Department of the Army Los Angeles District, Corps of Engineers ("USACE") in the amount of $3,988,425.00 for the work related to the construction of certain improvements to the Department of Veterans Affairs campus located in Los Angeles, California ("Project").

5. The Contract was issued under a Multiple Award Task Order Contract (MATOC) as a 100% Set-Aside for Service-Disabled Veteran-Owned Small Business Firms, pursuant to Federal Acquisition Regulation (FAR) 52.219-27.

6. The Project consisted of Phase 2 of the design and construction of hospital related improvements as part of the overall MATOC issued by the USACE.

7. On November 27, 2012, the USACE issued the Notice to Proceed ("NTP") to Sygnos to commence work on the Project under the terms of the Contract.

8. The Contract period of performance was 450 calendar days, thereby establishing an original completion date of February 22, 2014.

9. Pursuant to the express terms of the Contract, the USACE was required to provide Sygnos with 65% plans and specifications for the design of the Project. In turn, Sygnos was required to provide the USACE with 95% plans and specifications for the design of the Project within thirty (30) calendar days from the NTP and 100% plans and specifications for the design of the Project within seventy-five (75) calendar days from the NTP.

10. Pursuant to the express terms of the Contract, the USACE was required to complete its review of the Sygnos design of the Project within fifteen (15) calendar days from receipt of the plans and specifications from Sygnos.

11. Sygnos timely completed and submitted its 100% design of the Project to the USACE on February 27, 2013.

12. The USACE did not complete its review and approval of Sygnos's design until June 26, 2013.

13. As a result of the USACE's untimely performance of its duties under the Contract to review and approve Sygnos's design of the Project, 106 days of compensable delay were incurred by Sygnos.

14. Pursuant to the express terms of the Contract, the USACE was required to identify all historical or archaeological areas affected by the Project as part of the 65% design obligations to be performed by the USACE before Sygnos began its completion of the design.

15. The USACE did not complete a historical survey of the Project until September 3, 2013.

16. As a result of the USACE's failure to timely perform and complete a historical survey of the Project, an additional 68 days of compensable delay were incurred by Sygnos.

17. On October 13, 2013, Sygnos submitted Change Order Request Nos. 1 and 2 to the USACE to recover costs incurred as a result of the compensable delays described in paragraphs 12 through 16 above.

18. On October 15, 2014, Sygnos submitted a Request for Equitable Adjustment ("REA #1") to the Project Engineer detailing the compensable delays and costs referenced in Change Order Request Nos. 1 and 2, seeking $206,389.00 in costs as a result of the USACE's delays.

19. Sygnos timely and diligently prosecuted the performance of the work under the Contract to complete the Project within the defined period of performance.

20. Sygnos encountered additional compensable delays in 2014 when the USACE failed to provide Sygnos with a permanent source of electrical power to allow Sygnos to complete the contractually required testing of the fire and security systems installed on the Project.

21. The USACE would not accept the Project as complete until the contractually required critical systems testing was performed.

22. The USACE did not provide Sygnos with the necessary source of electrical power to complete the Project until April 28, 2015.

23. Sygnos diligently performed the remaining work on the Project after the USACE provided the necessary source of electrical power, and completed the Project on September 23, 2014.

24. As a result of the USACE's failure to provide Sygnos with the necessary source of power to perform its work on the Project, an additional 264 days of compensable delay were incurred by Sygnos.

25. On June 2, 2015, Sygnos submitted a separate Request for Equitable Adjustment ("REA #2") to the Project Engineer detailing the compensable delays and costs caused by the USACE's failure to provide electrical power, seeking $768,953.10 in costs as a result of the USACE's additional delays.

26. On September 14, 2015, Sygnos submitted its Supplemental REA #2 to the Project Engineer requesting an additional $34,945.00 incurred as a result of the delays caused by the USACE.

27. On February 17, 2016, Sygnos submitted its certified claim for REA #1, REA #2 and the Supplemental REA #2 to the USACE's Contracting Officer for the Project, certifying costs for 438 days of compensable delays for the principal sum of $1,010,287.10.

28. The USACE's Contracting Officer has not issued a written decision in response to Sygnos's certified claim.

29. More than sixty (60) days have passed since the date Sygnos submitted its certified claim to the USACE's Contracting Officer for the Project.

30. Sygnos has not taken an appeal to the Board of Contract Appeals, but rather brings this action directly to this Court.

## PRAYER FOR RELIEF

WHEREFORE, Sygnos prays for entry of judgment in favor of Sygnos on this claim for relief awarding compensation as follows:

1. For entry of a Judgment in favor of Sygnos in an amount to be proven at trial for not less than the principal sum of $1,010,287.10;

2. For interest on the sums due and owing to Sygnos under its claim from the date the certified claim was submitted to the USACE's Contracting Officer on February 17, 2016;

3. For an award of reasonable attorney fees and costs under the Equal Access to Justice Act and Contract Disputes Act; and

4. For such other and further relief as the Court may deem proper in these premises.

DATED this 28th day of October, 2016.

GREENER BURKE SHOEMAKER OBERRECHT P.A.

By: _____
David T. Krueck
Attorney for Plaintiff
